IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIDGETTE NICOLE NEAL, as Parent and Next Friend of A.L.B., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:14-CV-633-WKW [WO] |
| GENERAL MOTORS, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's motion requesting a divisional transfer of this products liability action. (Doc. # 31.) Plaintiff Bridgette Nicole Neal filed a response in opposition (Doc. # 33) to the motion, and Defendant filed a reply (Doc. # 35). For the reasons that follow, the motion is due to be denied.

Ms. Neal filed this action in the Northern Division of the Middle District of Alabama on behalf of her minor daughter, A.L.B., based on injuries A.L.B. sustained in an accident involving Ms. Neal's 2002 Pontiac Grand Am and a pick-up truck in Dothan, Alabama. Ms. Neal alleges that the rear passenger seat and seat belts of her Pontiac Grand Am were defective and that the vehicle's defects failed to adequately protect A.L.B. in the crash. Defendant contends that this action should be transferred

to the Southern Division of the Middle District of Alabama, but Ms. Neal responds that no reason justifies disturbing her chosen forum.

A district court may transfer a civil action to any other division in which it might have been brought "[f]or the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The burden is on the movant to show that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Ultimately, a district court has "broad discretion in weighing the conflicting arguments as to venue," *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988), but must engage in an "individualized, case-by-case consideration of convenience and fairness," *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted).

Section 1404(a) mandates a two-step analysis. First, the court must determine whether venue would be proper in the proposed transferee division. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Second, the court must decide whether "[f]or the convenience of the parties and witnesses" and in the "interest of justice," the action should be transferred. § 1404(a).

Ms. Neal does not dispute that venue is proper in the Southern Division; therefore, the analysis focuses on the second step. Under the second step, several

factors guide a district court's determination of whether to transfer an action under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Defendant argues that the majority of the *Manuel* factors favor transfer, but the arguments are not convincing. It asserts that, because the accident occurred in the Southern Division and because Ms. Neal also lives in the Southern Division, Ms. Neal's choice of forum is not due much, if any, weight. Contrary to Defendant's assertion, the locus of the operative facts in a products liability action generally is "the place where the business decisions relative to the products liability theories of the case were made . . . , not the site of the accident." *Holmes v. Freightliner, LLC.*, 237 F. Supp. 2d 690, 693 (M.D. Ala. 2002). Defendant has not contradicted Ms. Neal's contention that the design and manufacture of the subject vehicle occurred in Michigan. On this record, the fact that the accident occurred in Dothan does not favor a transfer to the Southern Division.

It is true, though, that courts have given a plaintiff's chosen forum less weight when the facts underlying the causes of action did not occur in the forum chosen by the plaintiff and the forum does not encompass the district where the plaintiff resides. *See Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998) ("[W]hen the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration" (citation and internal quotation marks omitted)); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("When the plaintiff's choice is not its home forum, . . . the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is then less reasonable." (citation and internal quotation marks omitted)). It is undisputed that Ms. Neal resides in the Middle District of Alabama, but not in the Northern Division where she filed suit, and that the operative facts did not occur in the Northern Division. Based upon these undisputed facts, *Sinochem International Co.* and *Gould* support a conclusion that Ms. Neal's divisional choice of forum is not due the usual deference given to a plaintiff's chosen forum. But even if Ms. Neal's selected forum is accorded less deference than usual because she lives outside the division, Defendant has not tipped the scales in favor of a transfer.

Defendant argues that a transfer is warranted because the Southern Division presents a more convenient forum for the majority of the non-party witnesses and that some of the in-state, non-party witnesses may be outside of the court's subpoena power. Federal Rule of Civil Procedure 45(c)(1)(B)(ii) grants the court power to subpoena non-party witnesses in the Dothan area to attend a trial in Montgomery, as long as they will not incur a substantial expense. Defendant has not shown that travel to the Montgomery courthouse in the Northern Division, which is a 108-mile drive from the Dothan courthouse in the Southern Division, even if inconvenient, would cause substantial expense to the in-state, non-party witnesses. The analogy that Defendant attempts to make between the intradistrict transfer at issue here and the district and international transfers at issue in the cited cases is not persuasive. Defendant has not sustained its burden of demonstrating that the convenience of the in-state, non-party witnesses and the availability of process to compel unwilling witnesses to attend trial favor a transfer of this action to a different division.

On the other hand, other reasons weigh heavily against a transfer. One such reason is trial efficiency. The Montgomery courthouse is the only one in the district equipped with advanced technology, and this technology significantly helps streamline the presentation of evidence in complex products liability actions, like this one. The Northern Division, therefore, will allow for a more convenient trial forum. Another

5

reason is that the courtrooms in Montgomery dwarf the 105-year-old courtroom in Dothan. From experience, the court knows that complex cases with extensive exhibits try better in Montgomery, where there is ample space for exhibits and other accoutrements of a complex trial.

Additionally, while § 1404(a) does not set a time limitation for requesting a transfer, "[c]ourts have considered a party's delay in denying a motion to transfer." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (collecting cases) (holding that an eighteen-month delay in moving to transfer was unreasonable). Defendant delayed eighteen months in moving for a divisional transfer. And, although Defendant's justifications have been considered, they fail to demonstrate that the delay is reasonable. Therefore, the untimeliness of the motion weighs against transfer.

Based on the totality of the circumstances, *see Manuel*, 430 F.3d at 1135 n.1, Defendant has not carried its burden of demonstrating that the balance of factors weighs in favor of transferring this case from the Northern Division to the Southern Division of the Middle District of Alabama. Accordingly, it is ORDERED that Defendant's motion to transfer (Doc. # 31) is DENIED.

DONE this 14th day of June, 2016.

                                         /s/ W. Keith Watkins
                                 CHIEF UNITED STATES DISTRICT JUDGE